## MERVES v LORAIN (City)

Ohio Appeals, 9th Dist, Lorain Co.

No. 933. Decided July 20, 1939.

Levin & Levin, Lorain, for appellant.
John D. Pincura, Jr., City Solicitor, Lorain, for appellees.

## OPINION

PER CURIAM:

In this action, which is before this court as an appeal on questions of law and fact, the plaintiff seeks a temporary restraining order, and a perpetual injunction, against the defendant members of the board of park commissioners of the city of Lorain, from entering into certain lease agreements with one Peter Steris, or from carrying out said lease agreements if the same have already been entered into, and a decree declaring that the bids and acceptances of bids, and the lease agreements if any have already been entered into, to be null and void.

Plaintiff alleges that on March 13, 1939, the board of park commissioners of the city of Lorain duly passed a resolution to take bids for the leasing of the following parks in the city of Lorain for concession purposes: Lakeview Park Bath House, Century Park, and Oakwood Park; each of said bids to cover a period of two years. Plaintiff further alleges that advertisement was made therefor on March 18 and March 25, 1939, in the Lorain Journal; that the time for the opening of said bids was set for 12 o'clock noon on April 3, 1939; and that said bids for lease were made subject to general and special conditions of a proposed lease which was attached to the bid proposal blanks furnished by the board of park commissioners to applicants.

On or about April 3, 1939, the board of park commissioners accepted the bid of one Peter Steris for the lease of the concessions at Lakeview Park Bath House and Century Park.

The question presented is whether or not the procedural requisites necessary to be complied with in a leasing of property owned by a municipality have been complied with, and whether or not the entering into of the leases here in question by the board of park commissioners is in conformity to the statutory provisions governing the leasing of municipally-owned property.

**Sec. 3699 GC,** provides as follows:

"No contract for the sale or lease of real estate shall be made unless authorized by an ordinance, approved by the votes of two-thirds of all members elected to the council, and by the board or officer having supervision or management of such real estate. When such contract is so authorized, it shall be made in writing by the board or officer having such supervision or management and only with the highest bidder, after advertisement once a week for five consecutive weeks in a newspaper of general circulation within the corporation. Such board or officer may reject any or all bids and readvertise until all such real estate is sold or leased."

All of the proceedings of and papers prepared by the appellee park board members in connection with the matter herein have designated the contract herein as a lease, and no contention is made by any of the appellees herein that said contract is not a lease; and it is the opinion of this court that the contract entered into in this case did constitute a lease within the purview of §3699 GC.

The transcript of the evidence in this case shows that none of the provisions of said section have been complied with by the council of the city of Lorain, and we find no statutory authority for the leasing of municipally-owned real estate by the board of park commissioners. In the absence of express statutory authority to so do, we hold that compliance with the provisions of §3699 GC, is a prerequisite to the entering into of any valid lease for municipally-owned real estate.

It is therefore the conclusion of this court that a permanent injunction issue, restraining the board of park commissioners of the city of Lorain from entering into the contracts in question, or, in the alternative, if said contracts have already been entered into, we hold the same to be null and void and of no force or effect in law.

Counsel may prepare an appropriate journal entry.

DOYLE and STEVENS, JJ., concur.
WASHBURN, PJ., not participating.